IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No: |
| | : | |
| v. | : | |
| | : | VIOLATIONS: |
| | : | |
| SAMUEL LAZAR, | : | 18 U.S.C. § 111(a) and (b) (Felony) |
| | : | (Assault on a Federal Officer) |
| Defendant. | : | |
| | : | 18 U.S.C. § 231(a)(3) |
| | : | (Civil Disorders) |
| | : | |
| | : | 18 U.S.C. 1752 (a)(1) and (4) |
| | : | (Restricted Building or Grounds) |

**MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.   In support thereof, the government states as follows:

1.     The United States is investigating allegations that Samuel Lazar forcibly assaulted, resisted, opposed, impeded, intimidated or interfered with any person designated by 18 U.S.C. § 1114 while they were engaged in the performance of their official duties and that he willfully and knowingly entered the United States Capitol Grounds on January 6, 2021 without legal authority, in violation of 18 U.S.C. § 111(a) and (b), 18 U.S.C. § 231 and 18 U.S.C. § 1752 (a)(1) and (4).

1

2. The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation, including the use of a digital device in furtherance of the crime. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, which also may lead to the destruction of evidence in other locations including the digital device. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest her. Thus, if this Motion or a sealing order were to become public, it would be the same as making

public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

          Respectfully submitted,

          CHANNING D. PHILLIPS
          ACTING UNITED STATES ATTORNEY

          __/s/_Douglas G. Collyer_____
by:   Douglas G. Collyer
      Detailee
      NDNY Bar No. 519096
      Assistant United States Attorney
      14 Durkee Street, Suite 340
      Plattsburgh, New York 12901
      (518) 314-7800
      Douglas.Collyer@usdoj.gov