UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-525 (ABJ) |
| : | |
| SAMUEL LAZAR, : | |
| : | |
| Defendant. : | |

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER DEFENDANT'S MOTION FOR CONDITIONAL RELEASE

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully files this Opposition to Defendant's Motion for Reconsideration of the Court's Order of Detention (Dkt. 27, hereinafter Def. Motion).

### FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On January 6, 2021, Defendant, who resided in Ephrata, Pennsylvania, traveled to Washington, D.C. where he participated in the riot at the United States Capitol. On July 21, 2021, Defendant was charged via criminal complaint with violating 18 U.S.C. §§ 111(a) and (b), 231(a)(3), and 1752(a)(1) and (4) and an arrest warrant was issued. (Dkt. 1). Defendant had his initial appearance in the Eastern District of Pennsylvania on July 27, 2021. During that hearing, Defendant waived his right to a detention hearing in the Eastern District of Pennsylvania but reserved the right to have such a hearing in the District of Columbia. The defendant was detained pending a detention hearing in the District of Columbia. The government moved for the defendant's continued detention. (Dkt. 6). On August 11, 2021, a detention hearing was held in the District of Columbia whereat the Court heard oral argument in support of the government's motion to detain Defendant and Defendant argued for his release on conditions. The Court reserved decision and adjourned the detention hearing to August 16, 2021. (Minute Entry, August

11, 2021).

Shortly before the continuation of the detention hearing on August 16, the government became aware of additional evidence to support its motion for detention, which was shared with the Court and defense. (Dkt. 15). At the hearing, Defendant requested an adjournment, and the detention hearing was adjourned to August 31, 2021. (Minute Entry, August 16, 2021). On August 18, 2021, Defendant was indicted by a Grand Jury. (Dkt. 16).

On August 31, 2021, the Court heard additional oral argument in support of the parties' positions and ordered that Defendant be detained without bond pending trial. (Minute Entry, August 31, 2021). On September 27, 2021, the Court issued an Order of Detention Pending Trial. (Dkt. 29). On September 24, 2021, Defendant filed a motion to reconsider the Court's order of detention. (Def. Motion.) This opposition follows.

## ARGUMENT

Defendant argues that the Court must reconsider its detention order in light of the D.C. Circuit's decision in *United States v. Munchel*, No. 21-3010, 2021 WL 1149196 (D.C. Cir. Mar. 26, 2021). (Docket Entry 21, at 2-4). Defendant's argument is meritless.

In *Munchel*, the D.C. Circuit confirmed that an order of preventative detention pending trial requires the Court to "identify an articulable threat posed by the defendant to an individual or a community." *United States v. Munchel*, 2021 WL 1149196, at *7. The D.C. Circuit held, however, that when the district court's finding of dangerousness is based on the nature and circumstances of a defendant's conduct on January 6, a defendant's participation in the Capitol riot is not sufficient, standing alone, to justify a finding of dangerousness. *Id*. at *8. Accordingly, the D.C. Circuit remanded the issue of detention to the district court to consider factors supporting dangerousness beyond the defendants' conduct on January 6, which was not violent.

2

On motion for reconsideration, Defendant argues that under *Munchel*, the government has failed to articulate why the danger Defendant poses exceed his actions on January 6. (Def. Motion, at 2). The government has met its burden of showing by a preponderance of the evidence that there are no condition or combination of conditions that will reasonably assure the safety of any other person and the community. Defendant's argument ignores the Court's prior individualized findings regarding dangerousness in the instant case, which looked to Defendant's rhetoric and conduct beyond the events of January 6.

A. Defendant Poses an Ongoing Threat to the Community

For the sake of brevity, the Government will not fully restate the evidence outlined in its prior pleadings.[1] A few points bear emphasis, however.

At the Capitol, Defendant donned a tactical vest and goggles, painted his face in a camouflage design and wore a patch declaring his hands were trained for war and his fingers were trained for battle. Defendant was repeatedly at the front of the police line on the West Plaza, using a bullhorn to encourage others to push forward against the police line and to take law enforcement's weapons. Defendant then discharged a chemical irritant at three police officers, at least two of whom had no such protection like the defendant. Hours later, Defendant bragged in a video about macing police, whom he referred to as "tyrannical pieces of shit" and declared, "There's a time for peace and a time for war."

The government discovered photos from August 2020 of Defendant brandishing a handgun and an assault rifle that appears to be loaded. Defendant argues this incident took place on private property, however, the background of some of the photos clearly show the corner of a public street. Brandishing, what appears to be, a loaded firearm across a public street with traffic is not justified

---

1  This opposition incorporates statements, arguments, and images in the Government's previous submissions by reference. (*See generally* Dkts. 6 and 15).

3

nor less dangerous because one is standing a few feet off the sidewalk.

Defendant's history shows an escalating pattern of criminal conduct.  In 2004, he was convicted of criminal mischief for damaging another's property.  In 2010, he was denied his attempt to purchase a firearm.  In 2106, he was convicted for lying on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 in another attempt to obtain a firearm.  According to the gun store owner, Defendant remarked that he "did not think his criminal history would follow him here."  Defendant then tried to have his brother purchase the firearm.  As previously discussed, in 2020, the defendant aimed firearms that appear to be loaded across a public street, drawing the concern of local citizens.  On January 6, the defendant attacked law enforcement while calling for violence against them.

In his motion for reconsideration, Defendant completely ignores his online rhetoric.  Indeed, he must, as Defendant called for "revolution" and "euthanizing every Antifa, BLM (Black Lives Matter) member" and to "drag every last one of the Democrats and DNC members out of their offices and homes, and publicly execute them for their crimes against this Country and its citizens."  As the government stated previously, Defendant did not write these words himself, however, he "loved" the post and appears to have drawn a circle and arrow to the words and posted it on his Facebook page, thereby adopting the words as his own, as depicted below:





Beyond his desired participation in a revolution, Defendant poses a more localized threat to the community, particularly the Black community and those who disagree with him politically in Eastern Pennsylvania. Defendant has demonstrated specific animosity towards the Black population and expressed a desire to commit violence against them.

The Magistrate Court here has already made an individualized determination that Defendant poses an ongoing threat to the community, and that no condition or combination of conditions can reasonably assure the community's safety and the Court did so with specific reference to *Munchel*. The Court's findings focused not on Defendant's conduct on January 6, 2021, but on Defendant's ongoing danger to the community due to his brandishing firearms on a public street in August 2020, his social media posts from December 2020, and a lack of available conditions that would reasonably assure the safety of the community. Those factors remain unchanged.

Simply put, *Munchel* provides no guidance altering the validity of the Magistrate Court's analysis on Defendant's original motion for pretrial release. The record shows that his actions on January 6 were not an aberration, but rather, only another example of escalating danger posed by Defendant. After reasoned analysis with specific reference to *Munchel*, the Magistrate Court determined that Defendant poses an ongoing danger to the community based on conduct and statements Defendant has made outside of his conduct on January 6, 2021. Defendant's danger to the community has not changed.

B. Defendant Should be Ordered Transported to the District of Columbia

In order to conduct further proceedings in this matter, Defendant, who remains detained in the Eastern District of Pennsylvania, needs to be transported to the District of Columbia by the United States Marshals Service. Accordingly, the United States moves this Court to issue an Order directing the United States Marshals Service to transport Defendant forthwith to the District of Columbia for

6

further proceedings on the indictment.

## CONCLUSION

The Court's previous individualized determination that Defendant should be held pending trial pursuant to the Bail Reform Act is unaffected by the D.C. Circuit's analysis in *Munchel*, or by new facts raised in Defendant's supplement to his motion to reconsider.

WHEREFORE the United States respectfully requests that Defendant's motion to reconsider the detention order should be DENIED.

        Respectfully Submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney
        D.C. Bar No. 415793

By:     */s/ Douglas G. Collyer*
        DOUGLAS G. COLLYER
        Assistant United States Attorney
        Detailee
        NDNY Bar No. 519096
        14 Durkee Street, Suite 340
        Plattsburgh, New York 12901
        (518) 314-7800
        Douglas.Collyer@usdoj.gov

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via the Electronic Case Filing (ECF) system, on October 1, 2021.

By:    */s/ Douglas G. Collyer*
    DOUGLAS G. COLLYER
    Assistant United States Attorney
    Detailee
    NDNY Bar No. 519096
    14 Durkee Street, Suite 340
    Plattsburgh, New York 12901
    (518) 314-7800
    Douglas.Collyer@usdoj.gov