IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SAMUEL LAZAR,<br><br>　　　　　Defendant. | Case No: 21-cr-525-ABJ |

## SUPPLEMENTAL APPLICATION FOR ACCESS TO VIDEO EXHIBITS

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28 (BAH), the Press Coalition submits this supplemental application for certain videos that have been submitted to the Court in this matter. In support of this application the Press Coalition states as follows:

1. On August 19, 2021, the Press Coalition filed an application for videos provided to Magistrate Judge Zia M. Faruqui and counsel of record in connection with a pretrial detention hearing. *See* Application for Access to Video Exhibits, Dkt. 18.

2. In response to that Application, the Government informed the Court it did not oppose release of the requested videos. Gov't Resp. Regarding Video Exhibit Release at 1-2 ("Gov't Resp."), Dkt. 19. Defendant, however, objected to release of one video recorded on a law enforcement officer's body-worn camera on the grounds that release may prejudice him at trial. *See* Def.'s Resp. to Minute Order Regarding Video Exhibit Release, Dkt. 21.

3. The Press Coalition submitted a reply to Mr. Lazar's objections on August 30, 2021, citing multiple decisions rejecting similar arguments by Capitol riot defendants and ordering release of video exhibits. *See* Reply Mem. in Further Support of the Press Coalition's Application for Access to Video Exhibits, Dkt. 22 (citing *United States v. James*, 21-cr-28-APM, Dkt. 360 (D.D.C. Aug. 23, 2021); *In re Application for Access to Certain Video Exhibits* ("*In re*

*Klein*"), 2021 U.S. Dist. LEXIS 122124 (D.D.C. June 30, 2021); *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841, at *13-14 (D.D.C. Mar. 17, 2021)).  Since the Press Coalition filed its Reply, Judge Royce C. Lamberth has rejected similar arguments of prejudice by two more Capitol riot defendants and ordered release of video exhibits to the Coalition.  *See United States v. Munchel*, 2021 U.S. Dist. LEXIS 194604 (D.D.C. Oct. 8, 2021).

    4.    The Coalition now submits this Supplemental Application for video exhibits recently submitted and shown to the Court in connection with Defendant's September 24, 2021 motion for reconsideration of the pretrial detention order (the "Video Exhibits").

    5.    On October 12, 2021, ahead of the hearing on Defendant's motion, the Court ordered the Government "to be prepared at the hearing to play the videos from which Figures 5 through 9 [of the original detention memorandum] were excerpted and to provide them to the Court's Deputy Clerk."  *See* Oct. 12, 2021 Minute Order.

    6.    At the Court's request, the Government played several videos at the October 13 hearing, and the Court subsequently ordered the Government to also "make the video described in the last paragraph of page 6 of its original detention memorandum 6 and excerpted in Figure Six, and the video described in the last paragraph of page 9 of the memorandum, excerpted in Figure 10, available to the Court and the defense by close of business today."  Oct. 13, 2021 Minute Order; *see also* Gov't's Amended Notice of Filing of Exhibits Pursuant to Local Criminal Rule 49, Dkt. 37 (describing the Video Exhibits submitted in connection with the detention hearing).

    7.    The Video Exhibits are plainly "intended to influence the court" in its decision-making, and as a result they are judicial records subject to a "strong presumption in favor of public access."  *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.).

8.       Neither the Government nor the Defendant could possibly rebut the presumption of access under the applicable test set out in *United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980).  *See, e.g.*, *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841 (D.D.C. Mar. 17, 2021) (Howell, C.J.) (granting access to video exhibits in one of the Capitol Cases).

9.       Because the Video Exhibits are judicial records subject to an unrebutted presumption of public access, the Court should grant this Application and direct the Government to release the Video Exhibits to the Press Coalition via electronic "drop box" within 72 hours. To expedite that release, the Court should further instruct the Government to provide undersigned counsel with the "necessary access credentials" referenced in the Standing Order.

10.       The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge."  *See* Standing Order at 6.  The Press Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish these Video Exhibits.[1]

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Government to release the Video Exhibits, without restriction, within 72 hours.

Dated:  October 14, 2021       Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor

---

[1] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.

Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*