IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 21-00525-ABJ |
| SAMUEL LAZAR | : | |

**<u>ORDER</u>**

And now, this   day of November, 2021, upon consideration of the defendant, Samuel Lazar's Unopposed Motion for Reconsideration of this Court's Order of October 18, 2021, it is hereby ORDERED that the Motion is GRANTED:

1. The defendant shall remain detained pretrial.

2. The defendant shall remain at the Federal Detention Center in Philadelphia until January 2, 2022.

3. The Order of October 18, 2021 is STAYED.

BY THE COURT:

_____
Honorable Amy Berman Jackson

Hope C. Lefeber, Esquire
I.D. No. 31102
Hope C. Lefeber, LLC
Two Penn Center
1500 JFK Boulevard; Suite 1205
Philadelphia, PA  19102
(610) 668-7927                                                                             Attorney for Defendant

_____

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | Criminal No. 21-00525-ABJ-1 |
| **SAMUEL LAZAR** | : | |


### UNOPPOSED MOTION TO RECONSIDER ORDER OF OCTOBER 18, 2021 ORDERING DEFENDANT'S TRANSPORT TO WASHINGTON, D.C.

The defendant, Samuel Lazar, by and through his attorney, Hope C. Lefeber, Esquire respectfully moves this Honorable Court to reconsider that portion of this Court's Order of October 18, 2021, ordering the defendant's transport to Washington, D.C., and to allow the defendant to remain in Philadelphia until January 2, 2022, and states as follows:

1. On July 21, 2021, the defendant was arrested in this matter and held without bond at the Federal Detention Center ("FDC") Philadelphia.

2. Mr. Lazar is charged by Indictment with 1) Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1)

and (b); 2) Civil Disorder, in violation of 18 U.S.C § 231(a)(3); 3) Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. 1752(a)(1) and (b)(1)(A); 4) Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A); and 5) Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. §5104(e)(2)(F).

3. On October 18, 2021, following a hearing, this Court ordered that the defendant be detained pretrial and that he be transported to a facility in the Washington D.C. area.

4. The discovery in this matter is voluminous and must be reviewed together by the defendant and his counsel.

5. Mr. Lazar has retained the undersigned counsel, whose law offices are in Philadelphia, less than one (1) mile from the FDC. The undersigned visits clients in the FDC regularly.

6. The facilities at the FDC are conducive to the review of discovery by the defendant and counsel. Counsel would be able to review and discuss the voluminous video and other evidence with the defendant, in person, in Philadelphia, on a regular basis.

7. Given the nature of the charges, the complexity of the case and the extraordinary amount of discovery, the interests of justice favor affording the defendant the ability to consult with counsel and to review the evidence in a prompt and efficient manner, to enable him to make expeditious decisions regarding the resolution of the charges.

8. There are no hearings pending in this case, at the present time, that would require the defendant's presence in Washington, D.C.

9. On November 1, 2021, Lamont Ruffin, the Acting United States Marshal for the District of Columbia, sent a memorandum to Quincy Booth, the Director

of the D.C. DOC relating to the abysmal conditions at the D.C. Jail. *See* Exhibit A. The U.S. Marshals Service ("USMS") then issued a press release on November 2, 2021, indicating that, following an inspection, it plans to move approximately 400 detainees currently housed at the D.C. Jail to USC Lewisburg, Pennsylvania because of the inhumane conditions. Available at https://www.usmarshals.gov/news/chron/2021/110221b.htm.

10. The government, per Douglas Collyer, Assistant United States Attorney, has no objection to this request to allow the defendant to remain in Philadelphia at the FDC until January 2, 2022.

WHEREFORE, it is respectfully requested that the instant Motion be GRANTED and that Order of October 18, 2021, ordering defendant's transport to the District of Columbia be STAYED.

Respectfully,

HOPE C. LEFEBER, LLC

By:

_____
HOPE C. LEFEBER, ESQUIRE

DATED:      November 10, 2021

# CERTIFICATE OF SERVICE

I certify that a copy of the attached Motion for Reconsideration was served upon the following counsel, by electronic filing, on November 10, 2021:

Douglas Collyer, Esquire
United States Attorney's Office
14 Durkee Street; Suite 340
Plattsburgh, NY   12901


/s/
_____
HOPE C. LEFEBER



**U.S. Department of Justice**

United States Marshals Service

*District of Columbia*

*Washington, D.C. 20001*

November 1, 2021

MEMORANDUM TO: Quincy Booth
Director
District of Columbia – Department of Corrections (D/DOC)

FROM: Lamont J. Ruffin
Acting United States Marshal
District of Columbia (D/DC)

SUBJECT: D/DC USMS Prisoners Detained by District of Columbia - Department of Corrections

On October 18, 2021, I directed Deputy United States Marshals (DUSMs) under my command to conduct an unannounced inspection and review of all District of Columbia Department of Corrections (D.C. DOC) facilities housing prisoners remanded to United States Marshals Service custody. I further directed that the inspection team individually review the conditions of confinement for all D/DC USMS prisoners, review jail administrative processes and review the consistency and appropriateness of detention practices at the facility.

From October 18 – October 22, 2021, an eight deputy D/DC USMS Inspection team inspected the facility, interviewed more than 300 federal detained persons, and spoke with many DOC staff. On October 22, 2021, I visited the facility myself to verify the preliminary information that I had received by my inspection team. Based on the USMS inspection, I believe that there is evidence of systemic failures, in particular at the Central Detention Facility (CDF), that may warrant further examination by the Department of Justice Civil Rights Division.

While we are preparing a formal summary of the inspection to share with you, some of the specific findings at the CDF were as follows:

- Water and food appeared to be withheld from detainees for punitive reasons

- Inspectors observed large amounts of standing human sewage (urine and feces) in the toilets of multiple occupied cells. The smell of urine and feces was overpowering in many locations.
- The water in many of the cells within South 1 and North 1 had been shut off for days, inhibiting detainees from drinking water, washing hands, or flushing toilets.
- DOC staff confirmed to inspectors that water to cells is routinely shut off for punitive reasons.
- Food delivery and storage is inconsistent with industry standards. Hot meals were observed served cold and congealed.
- Jail entrance screening procedures were inconsistent and sloppy.
- Evidence of drug use was pervasive, and marijuana smoke and odor were widespread, and the facility had a strong smoke and odor of marijuana.
- Detainees had observable injuries with no corresponding medical or incident reports available to inspectors.
- DOC staff were observed antagonizing detainees.
- DOC staff were observed not following COVID-19 mitigation protocols.
- Several DOC staff were observed directing detainees to not cooperate with USMS inspectors. One DOC staffer was observed telling a detainee to "stop snitching".
- Supervisors appeared unaware or uninterested in any of these issues.

Accordingly, I am informing you that I have forwarded the results of my inspection of the DC DOC to the Department of Justice Civil Rights Division for review of potential violations of the Civil Rights of Institutionalized Persons Act at the DC DOC, specifically at the Central Detention Facility (CDF). Conditions at the Central Treatment Facility (CTF) were observed to be largely appropriate and consistent with federal prisoner detention standards.

cc:  Beryl A. Howell, Chief Judge D.C U.S. District Court
Emmet Sullivan, U.S. District Judge D.C. District Court
Anthony Dixon, United States Marshal – D.C. Superior Court
Johnnie Hughes, United States Marshal – District of Maryland
Channing Phillips, (A) United States Attorney, District of Columbia
A.J. Kramer, DC Federal Public Defender
Laura Cowall, Deputy Chief DOJ Civil Rights Division