## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 21-CR-525 (ABJ) |
| : | |
| **SAMUEL LAZAR,** : | |
| : | |
| **Defendant.** : | |

### UNITED STATES' AND DEFENDANT'S OPPOSITION TO PRESS COALITION'S MOTION TO UNSEAL

The United States of America, by and through the United States Attorney for the District of Columbia, and Samuel Lazar, by and through his attorney, Hope Lefeber, Esq., respectfully file this Joint Opposition to Press Coalition's Motion to Unseal (Dkt. 57, hereinafter Press's Motion).

### I. BACKGROUND

#### A. Procedural Posture

On January 6, 2021, Defendant, who resided in Ephrata, Pennsylvania, traveled to Washington, D.C. where he participated in the riot at the United States Capitol. On July 21, 2021, Defendant was charged via criminal complaint with violating 18 U.S.C. §§ 111(a) and (b), 231(a)(3), and 1752(a)(1) and (4), and an arrest warrant was issued. (Dkt. 1).

On August 18, 2021, a grand jury sitting in the District of Columbia returned a five-count indictment against Defendant, charging him with Assaulting, Resisting, or Impeding Certain Officers as a Felony and Aiding and Abetting, in violation of 18 U.S.C. §§ 111(a) and (b) and 2, Civil Disorder, in violation of 18 U.S.C. §§ 231(a)(3), Entering or Remaining in any Restricted Building or Grounds With a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A), Engaging in Acts of Physical Violence in any Restricted Buildings or Grounds

with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A), and Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).  (Dkt. 16).

On April 20, 2023, the Press Coalition filed a motion on Docket 21-cr-525 to unseal any plea or change of plea made by Defendant; any sentencing by the Court; the transcript of any sentencing hearing; any memoranda or other filings made in connection with a sentencing hearing; any related motion to seal, response thereto; and any sealing order.  (Press's Motion.) This opposition follows.

II.   **ARGUMENT**

In *Nixon v. Warner Commc'ns*, the Supreme Court found it "clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." 435 U.S. 589, 597 (1978). Subsequently, the Court held that, in addition to this common-law right of access to judicial records, there exists a qualified First

Amendment right of access to criminal proceedings. *See, e.g., Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986); *Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 (1980). This qualified First Amendment right, however, "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Court of California, Riverside County,* 464 U.S. 501, 510 (1984).



### B. The common-law right-of-access balancing test weighs against the public release of sealed proceedings and documents to the extent they exist.

The common-law right of access to judicial records does not apply to all items filed with a court. *See SEC v. Am. Int'l Group*, 712 F.3d 1, 3 (D.C. Cir. 2013). Rather, "whether something is a judicial record depends on 'the role it plays in the adjudicatory process.'" *Id.* (quoting *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997)). When, for example, items "are 'intended to influence' the court and the court 'ma[kes] decisions about them[,']" *Leopold v. United States*, 964 F.3d 1121, 1128 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017)), then they are judicial records. Here, the parties do not dispute that any plea agreement, judgment, transcript of any sentencing hearing, and sentencing memoranda are judicial records.

Because the documents are judicial records, "there is a 'strong presumption in favor of public access'" to them. *Leopold*, 964 F.3d at 1127 (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)). However, "that presumption may be outweighed by competing interests." *Id.* To weigh those competing interests, the D.C. Circuit uses the six-factor "*Hubbard* test" that "has consistently served as [its] lodestar' for evaluating motions to seal or unseal judicial records[.]" *Id.* (quoting *MetLife*, 865 F.3d at 666). Thus, in this jurisdiction, "when a court is presented with a motion to seal or unseal, it should weigh: '(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6)

the purposes for which the documents were introduced during the judicial proceedings.'" *MetLife*, 865 F.3d at 665 (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).

1. *The need for public access to the documents at issue*

"A district court weighing the first factor should consider the public's need to access the information that remains sealed, not the public's need for other information sought in the overall lawsuit." *CNN, Inc. v. FBI*, 984 F.3d 114, 119 (D.C. Cir. 2021). The documents sought would "have been introduced as evidence of guilt or innocence." *Hubbard*, 650 F.2d at 317. Accordingly, this factor weighs in favor of disclosure, to the extent the documents exist.

2. *The extent of previous public access to the documents*

"Setting aside the troubling suggestion that unauthorized disclosures from law enforcement agents or the USAO have the effect of extinguishing the privacy, reputational, and due process interests of uncharged third parties, the fact remains that the documents the *Post* seeks are not publicly available and the *Post's* reporting to date offers scant information regarding their supposed contents. For this reason, the additional disclosure the Post seeks is highly likely to significantly infringe on the compelling interests identified above." *In re WP Co., LLP*, 201 F. Supp. 3d 109,

130 (D.D.C. 2016).  "The investigation of criminal activity has long involved imparting sensitive information to judicial officers who have respected the confidentialities involved." *United States v. U.S. Dist. Court*, 407 U.S. 297, 320-21 (1972).

This factor weighs against disclosure, to the extent the documents exist.

   3.  *The fact that someone has objected to disclosure*

"[T]he strength with which a party asserts its interests is a significant indication of the importance of those rights to that party." *Id.* The government joins Defendant in his objection.  This factor weighs heavily against disclosure, to the extent the documents exist.

   4.  *The strength of any property and privacy interests asserted*

Therefore, this factor weighs against disclosure, to the extent the documents exist.

5. *The possibility of prejudice to those opposing disclosure*



[REDACTED]

*6. The purposes for which the documents were introduced*

The sought-after documents would establish the defendant's guilt of the charged crime and his sentence therefrom, and thus, this factor weighs in favor of disclosure, to the extent the documents exist.

## **CONCLUSION**

[REDACTED] on balance, the *Hubbard* factors weigh against disclosure of any judicial records sought by the Press Coalition, to the extent they exist.

WHEREFORE the United States and Defendant respectfully request that the Press Coalition's motion to unseal be DENIED.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:   /s/                                 /s/

| Douglas G. Collyer | Hope C. Lefeber |
| --- | --- |
| Assistant United States Attorney | Counsel for Samuel Lazar |
| Capitol Riot Detailee | Two Penn Center |
| NDNY Bar No.: 519096 | 1500 JFK Boulevard |
| 14 Durkee Street, Suite 340 | Suite 1205 |
| Plattsburgh, NY 12901 | Philadelphia, PA 19102 |
| (518) 314-7800 | (610) 668-7927 |
| Douglas.Collyer@usdoj.gov | hope@hopelefeber.com |

Date: May 9, 2023

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon Movant via ECF, on May 9, 2023.

By: */s/ Douglas G. Collyer*
DOUGLAS G. COLLYER
Assistant United States Attorney
Detailee
NDNY Bar No. 519096
14 Durkee Street, Suite 340
Plattsburgh, New York 12901
(518) 314-7800
Douglas.Collyer@usdoj.gov