IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SAMUEL LAZAR,<br><br>    Defendant. | Case No: 21-cr-525-ABJ |

**REPLY MEMORANDUM IN FURTHER SUPPORT
OF THE PRESS COALITION'S MOTION TO UNSEAL**

Four decades ago, the Supreme Court wrote that "the open processes of justice" are especially important after "a shocking crime occurs." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571-72 (1980).  There is no doubt that a shocking crime occurred on January 6, 2021.  According to Magistrate Judge Robin M. Meriweather, Defendant Samuel Lazar took part and "demonstrated a complete disregard for the rule of law" that day, "culminating in an attack on law enforcement."  Dkt. 29-1 at 8-10.  Indeed, the Government successfully argued that Lazar is too great a threat to the community, "particularly the Black community and those who disagree with him politically in Eastern Pennsylvania," to even be released from custody prior to trial.  Dkt. 30 at 5-6.  And as far as anyone can tell from the public docket, Lazar remains detained pending trial on charges to which he has pleaded not guilty.  Feb. 9, 2022 Minute Entry.  But according to the Federal Bureau of Prisons, Lazar is scheduled to be released in September 2023.

The Press Coalition filed a motion to unseal ("Mot.") to try and make sense of this puzzling situation, and the Government and Lazar jointly responded with an opposition ("Opp.") that fails procedurally and substantively.  The Court should overrule their objections and unseal the records and transcripts of the secret proceedings in this case (the "Sealed Judicial Records").

I.      **The Court Should Reject The Redacted Opposition As Procedurally Improper.**

While the Court can and should reject the Government's and Lazar's arguments on the merits, as discussed below, there is no need for the Court to even reach those issues because the parties failed to file their opposition in a timely manner.  Local Criminal Rule 7(b) provides that an opposition to a motion is due "[w]ithin 14 days of the date of service or at such other time as the Court may direct," and that "[i]f such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."  Here, the Press Coalition filed its motion to unseal on April 20, 2023, but the Government and Lazar did not file their opposition until May 9, 2023 – five days after the response deadline.  Moreover, the parties did not seek leave for an extension or to file out-of-time, and the opposition offers no excuse for its own untimeliness.  The Court can and should treat this unexplained failure to file by the response deadline as having conceded the motion.  *See, e.g.*, *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) (affirming dismissal of amended complaint under parallel civil rule and stating that "[t]his court has yet to deem such a straightforward application of Local Rule 7(b) an abuse of discretion").

The Court should also reject the opposition for violating Local Criminal Rule 49(f)(6)(i), which provides that "[a]bsent statutory authority, no case or document may be sealed without an order from the Court," and that "[a] document filed with the intention of it being sealed in an otherwise public case . . . shall be accompanied by a motion to seal."  Of the nine-page brief, seven pages are redacted in part and one is redacted in full.  *See* Dkt. 58.  Yet the docket does not reflect that either party moved to file this opposition partly under seal, let alone that the Court authorized them to do so.  Because Local Rule 49(f)(6)(i) further provides that "[f]ailure to file a motion to seal will result in the document being placed on the public record," the Court should reject the improperly-redacted opposition and place an unredacted copy on the public docket.

**II.    The Court Should Unseal The Records Under The Constitutional Right Of Access.**

Regardless of what the parties may have asserted in the redacted portions of their joint opposition, under the controlling law of this Circuit they cannot possibly carry their burden to justify all of the sealing that has occurred in this case. That burden is an especially heavy one under the First Amendment right of access, which unquestionably applies to records of plea agreements and sentencing proceedings. *Washington Post v. Robinson*, 935 F.2d 282, 286 (D.C. Cir. 1991) ("[P]lea agreements have traditionally been open to the public, and public access to them enhances both the basic fairness of the criminal proceeding and the appearance of fairness so essential to public confidence in the system. Therefore, there is a first amendment right of access to them.") (cleaned up); *In re Hearst Newspapers*, 641 F.3d 168, 176 (5th Cir. 2011) ("We conclude, as have the other courts that have considered this question, that the public and press have a First Amendment right of access to sentencing proceedings.") (collecting cases from the Second, Fourth, Seventh, and Ninth Circuits); *United States v. Alcantara*, 396 F.3d 189, 192 (2d Cir. 2005) (district court's decision to conduct sentencing and plea proceedings outside of the courtroom violated the First Amendment where the court "did not provide notice to the public of its intention to close the proceedings" and did not "make findings on the record demonstrating the need for closure").

Under the First Amendment, the party attempting to overcome the presumption of access must show that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984) ("*Press-Enterprise I*"). The Government and Lazar cannot carry that burden here for precisely the same reason the Government failed to justify sealing in *Washington Post v. Robinson*, namely that it is "already within the public knowledge" because of press reporting and official confirmation that a "plea agreement was entered into in exchange for [defendant's] cooperation." 935 F.2d at 291.

Here, the press reported that Lazar "was scheduled to be sentenced" on March 17, 2023, and that "[s]ealed sentencings can mean a defendant is offering significant cooperation with the federal government."  See Ryan J. Reilly, *Jan. 6 rioter who was accused of urging the mob to steal police guns scheduled to be sentenced*, NBC News (Mar. 17, 2023), https://www.nbcnews.com/politics/justice-department/jan-6-rioter-was-accused-urging-mob-steal-police-guns-scheduled-senten-rcna75511 ("NBC News spotted Rebeca Lazar, Lazar's sister who accompanied him to D.C. on Jan. 6, at the Washington D.C. federal courthouse, along with his family members."). And the Federal Bureau of Prisons website lists a date certain for Lazar's release from FCI Fort Dix, "[a] low security federal correctional institution with an adjacent minimum security satellite camp."  See Ex. A (BOP "find an inmate" search result for Samuel Lazar); *see also* FCI Fort Dix, https://www.bop.gov/locations/institutions/ftd/.  Unsealing the Sealed Judicial Records in this case would thus merely "confirm[] to the public what was already validated by an official source—that [Lazar] ha[s] agreed to cooperate with the government," and cannot "pose[] any *additional* threat to the ongoing criminal investigation" or "any *extra* threat to the safety of [Lazar] and his family." *Washington Post*, 935 F.2d at 292 (emphasis added).

Because continuing to keep these records and proceedings secret does not serve any compelling purpose and is not narrowly tailored to serve such an interest, the Government and Lazar cannot carry their burden to overcome the First Amendment right of access with respect to these plea agreement records and sentencing proceedings.[1]  The Court should therefore grant the

---

[1] Separate and apart from the press and public access concerns articulated herein, given the extensive sealing in this case it is not clear how the Government could have complied with its obligations under the Crime Victims' Rights Act to provide Lazar's alleged victims, including the police officers he reportedly assaulted, with "[t]he right to be informed in a timely manner of any plea bargain." *See* 18 U.S.C. § 3771(a)(9).

4

motion to unseal and promptly place these Sealed Judicial Records on the public docket with only those redactions that can meet the constitutional right of access standard.

**III.     The Court Should Unseal The Records Under The Common Law Right Of Access.**

The Government and Lazar concede, as they must, that "any plea agreement, judgment, transcript of any sentencing hearing, and sentencing memoranda" in this case "are judicial records" subject to the common law right of access, and that as a result "'there is a strong presumption in favor of public access to them.'"  Opp. at 4 (quoting *Leopold v. United States*, 964 F.3d 1121, 1127 (D.C. Cir. 2020)).[2]  The parties further concede that two factors of the six-factor *Hubbard* test support disclosure, because "[t]he documents sought would have been introduced as evidence of guilt or innocence" and "would establish the defendant's guilt of the charged crime and his sentence therefrom."  *Id.* at 5, 9.  Yet the parties assert, erroneously and almost entirely behind redaction blocks, that the remaining four factors all weigh against disclosure and that as a result the Court should maintain these records under seal.  *Id.* at 5-9.

The *Hubbard* factors that the parties rely on to justify continued sealing are factors two (the extent of previous public access to the documents), three (the fact that someone has objected to disclosure), four (the strength of any property and privacy interests asserted), and five (the possibility of prejudice to those opposing disclosure).  But factors four and five actually weigh *against* sealing for the same reasons discussed above with respect to the First Amendment access test: namely, because the press has already reported about Lazar's sentencing and the Bureau of Prisons has already confirmed that Lazar is scheduled for release, there is no meaningful interest in maintaining the fiction that Lazar is still awaiting trial on charges to which he has pleaded not guilty.  There would be no prejudice to Lazar or to the Government in acknowledging what the

---

[2] The parties do not appear to acknowledge that the Press Coalition also requested access to sealing motions and orders, which are subject to the same strong presumption of access.

public already knows. *See Washington Post*, 935 F.2d at 291-92. Because four of the six *Hubbard* factors thus weigh against sealing, the Government and Lazar cannot overcome the strong presumption of access to these records, and the Court should unseal them accordingly.

## CONCLUSION

For the foregoing reasons and those set forth in their initial brief, the Press Coalition respectfully requests that the Court grant its motion and promptly place all of the Sealed Judicial Records on the public docket with only those narrow redactions that can be justified under the First Amendment and common law rights of access.

Dated:  May 15, 2023

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*