**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. Action No. 21-0525 (ABJ) |
| SAMUEL LAZAR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>ORDER</u>**

The Press Coalition[1] seeks access to "any sealed or otherwise undocketed judicial records" in criminal Case No. 21-cr-525. Mot. to Unseal [Dkt. # 57]; Mem. in Supp. [Dkt. # 57-1] ("Mem.") at 1. The motion was prompted by a single news article from a national media outlet reporting information provided by an unnamed source, whose connection to the matter was unstated, that the defendant was "scheduled to be sentenced" on Friday, March 17, 2023, Mem. at 2, and that a family member of the defendant's was "spotted" at the courthouse that day. Reply Brief [Dkt. # 60] at 4. The movant also cites an article from a Lancaster, Pennsylvania news outlet that simply repeated the information in the NBC News article, *see* Mem. at 3, and it supplied information obtained from the Bureau of Prisons inmate locator website that the defendant is scheduled to be released from custody in September 2023, after more than two years of detention. *See* Ex. A to Reply Brief [Dkt. # 60-1]. Based on this information, the Press Coalition states, "[i]t appears that Lazar was sentenced following a change of plea and hearing, and based on records and proceedings that are not part of the public docket." Mem. at 3.

There are no "undocketed" records in this or any other case pending before this Court, and while the movant complains that the parties lacked the required leave to file portions of their opposition to this motion under seal, that is not correct; nothing has been sealed in this case without leave of court. The Press Coalition's memorandum correctly sets out the principles concerning the public's presumptive constitutional right to access to judicial records, but the authority cited in

---

1       The members of the Press Coalition are  Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, CBS Broadcasting, Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc. Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, POLITICO LLC, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post. *See* Mot. to Unseal at 1 n.1.

the memorandum plainly recognizes that there may be circumstances where a need for secrecy can be outweighed by competing significant interests.  Mem. at 5–6.

After consideration of the motion and the parties' opposition, *see* Joint Opp. to Mot. to Unseal [Dkt. # 58], and having fully weighed the six factors set forth in *United States v. Hubbard,* 650 F.2d 293, 317–21 (D.C. Cir. 1980) in its discretion, including the fact that both the defendant and the government would object to disclosure of their unredacted sealed opposition and any other sealed materials to the extent those materials exist, the Court will **DENY** the motion at this time without prejudice to a future motion.  The parties are directed to file an updated status report setting forth their position or positions on this matter by **September 29, 2023.**

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  May 19, 2023

2