**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SAMUEL LAZAR,<br><br>        Defendant. | Case No: 21-cr-525-ABJ |

**THE PRESS COALITION'S RENEWED MOTION TO UNSEAL**

      In September 2021, Magistrate Judge Robin M. Meriweather granted the government's request to detain Defendant Samuel Lazar prior to trial, concluding that Lazar's actions during the Capitol riot "demonstrated a complete disregard for the law, culminating in an attack on law enforcement with a chemical spray," and that the government possessed "overwhelming evidence of [his] dangerous conduct on January 6."  Sept. 27, 2021 Suppl. to Order (ECF 29-1).  Judge Merriweather therefore concluded that Lazar's release from pretrial detention "poses a concrete, prospective threat to public safety."  *Id.*

      Today, however, Lazar is out of prison.  *See* Alanna Durkin Richer & Michael Kunzelman, *A Jan. 6 rioter was convicted and sentenced in secret. No one will say why*, AP (Sept. 15, 2023), https://apnews.com/article/capitol-riot-secret-sentencing-3c4ffcc5ebeaff6fd6aa279d0ce888ad.  Yet the public docket in this case still does not reflect that Lazar was ever convicted or acquitted of the charges against him, or that the Court reconsidered the findings made in adjudicating the issue of his pretrial detention.  The press, the public, and presumably even the police victims of Lazar's violence on January 6 therefore have no idea how or why this January 6 riot participant, deemed just a couple of years ago to be too dangerous to release, is now free.  *See* Dan Nephin, *Ephrata Jan. 6 defendant Samuel Lazar out of federal*

*prison; mystery surrounds case*, LancasterOnline (July 19, 2023), https://lancasteronline.com/news/local/ephrata-jan-6-defendant-samuel-lazar-out-of-federal-prison-mystery-surrounds-case-update/article_b2949970-263e-11ee-98a7-cbc72c637b46.html (noting that Lazar's sister recently posted pictures on Facebook of him "getting a coffee and eating a sandwich at a Wawa"). Moreover, the U.S. Attorney's Office refuses to provide the press with any information, and Lazar's own lawyer told journalists she was unaware that he had been released. *Id.*

As the Supreme Court observed forty years ago, "To work effectively, it is important that society's criminal process satisfy the appearance of justice, and the appearance of justice can best be provided by allowing people to observe it." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571-72 (1980) (citation and internal marks omitted). That is because "[p]eople in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Id.* at 572. Given that bedrock constitutional commitment to judicial transparency, the unprecedented and unexplained secrecy here must end.

In its May 19, 2023 Order (ECF 61), the Court noted that the Press Coalition's[1] prior motion to unseal in this case "correctly set[] out the principles concerning the public's presumptive constitutional right to access to judicial records." *See* May 19, 2023 Order at 1. The Court, however, denied the motion "without prejudice to a future motion" and directed the parties "to file an updated status report setting for their position or positions" by today. *Id.*

---

[1] Members of the Press Coalition are Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, CBS Broadcasting, Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc. Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, POLITICO LLC, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post.

Pursuant to Local Criminal Rule 57.6 and this Court's May 19, 2023 Order, the Press Coalition respectfully renews its motion for the Court to unseal all judicial records in this matter, including but not limited to any plea or change of plea made by Lazar; any sentencing by the Court; the transcript of any sentencing hearing; any memoranda or other filings made in connection with a sentencing hearing; any related motions to seal, responses thereto, and replies thereon; and any sealing orders. These filings (together, the "Sealed Judicial Records") are all subject to the First Amendment and common law rights of public access, yet the public docket still provides no explanation as to why these judicial records remain inaccessible to the public, even though Lazar has now been freed from incarceration.

In support of this motion, the Press Coalition hereby adopts and incorporates by reference the Memorandum of Points and Authorities in Support of its April 20, 2023 Motion to Unseal (ECF 57-1) and the Reply Memorandum in Further Support of its Motion to Unseal (ECF 60) as if fully set forth herein. For the reasons set forth in those briefs, the Press Coalition respectfully requests that the Court immediately order the Sealed Judicial Records be unsealed and placed on the public docket.

Dated:  September 29, 2023

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*